Compl'...

# IN THE SUPERIOR COURT
## OF GUAM

THE PEOPLE OF GUAM,              )          CRIMINAL CASE No. CM 0372-12
                                 )
                                 )
                v.               )
                                 )          **DECISION AND ORDER**
                                 )          On Defendant's
MICHAEL OSCAR BRIKUL,            )          Motion for Deferred Plea
                                 )
                Defendant.       )
                                 )
_____)

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on August 8, 2012 on Defendant's Motion for Deferred Plea. The People of Guam were represented by Assistant Attorney General Lisa Hack. The Defendant was represented by Assistant Public Defender Richard Dirkx. Having reviewed the memorandum and papers presented, the court now issues the following decision granting Defendant's Motion for Deferred Plea.

## FACTUAL HISTORY

The Defendant has been charged with one count each of misdemeanor *Family Violence* and *Criminal Mischief.* The Defendant is a first-time offender with no previous criminal record. On June 12, 2012, the People filed a notice stating that the Defendant is legally eligible to enter a deferred plea agreement pursuant to the recent amendment to Guam's Family Violence Act. The amendment, which took effect on March 28, 2012, replaced the previous pre-trial diversion program with a deferred plea agreement process. While the amendment also increased the restrictions on eligibility for a deferred plea, it made no changes to the substance or purpose of the underlying treatment program. Whether a defendant enters the previous diversion program or the new deferred plea agreement, the defendant will be placed on probation while they attend

a court-mandated counseling and treatment program.

The People offered the Defendant a deferred plea agreement that contained terms and conditions not previously placed upon defendants entering diversion. The Defendant rejected the plea agreement and motioned the Court for Deferred Plea Pursuant to 9 G.C.A. §30.80.1. The Defendant specifically argues that the deferred plea agreement offered by the People contained "elements which are inconsistent with, and not authorized by, the newly modified statute." The People timely filed an opposition to the motion arguing that "A deferred plea agreement is like any other plea agreement where all parties must agree to the terms." For the reasons discussed below, this Court holds that where a defendant is statutorily eligible for a deferred plea pursuant to 9 G.C.A. §30.80.1, the plea may only contain those terms and conditions previously imposed on defendants who entered diversion under the Family Violence Act.

## DISCUSSION

It is undisputed that the Defendant is legally eligible to enter a deferred plea agreement pursuant to the recent amendment to Guam's Family Violence Act. The question before the Court is whether or not a deferred plea for Family Violence is a unique plea, confined by the language of the statute that created it, or if the deferred plea may be treated like any other plea agreement entered into between the People and a defendant. The People argue that they have discretion over all terms to a deferred plea agreement such that fines, community service hours, mandatory jail time, and maximum sentences may be added. The Defendant argues that because the statute does not explicitly authorize a deferred plea to include anything other than treatment, the People are without the legal authority to place such conditions upon statutorily eligible defendants.

The Family Violence Act's deferred plea agreement is statutorily unique and is not analogous to other plea agreements. The Act does not define the Family Violence ('FV') deferred plea relative to 8 G.C.A. § 60.80, which regulates other plea bargains between the government and a defendant. Instead, the Family Violence Act makes clear that "notwithstanding any other provision of law," the FV deferred plea is exclusive to FV cases and "*shall* apply whenever a case is before the court upon an accusatory pleading for any criminal act against a family or household member." 9 G.C.A. § 30.80.1 (2011) (emphasis in original). The unique nature of the FV deferred plea is evident from the plain language of the statute, the legislative history of the recent amendment, and by analogizing the deferred plea's counseling and treatment requirement to similar statutes in other jurisdictions.

## I. *The Plain Language of the Statute*

The Family Violence Act's deferred plea permits eligible defendants to enter counseling and treatment as an alternative to criminal proceedings. 9 G.C.A. § 30.80. (2011). All of the statutory sections detailing the deferred plea process define the requirements for access into, eligibility for, and possible removal from court-mandated "education, counseling, and/or treatment programs." § 30.80., § 30.80.5 (2011). Where an eligible defendant "agrees to participate in education, counseling, and/or treatment programs," the court has the authority to "defer criminal proceedings until such a time as may be required" to complete the programs. § 30.80. (2011). When a deferred plea hearing is held, the Court must determine if the defendant should be allowed to enter a plea and be "referred for education, counseling, and/or treatment programs directed specifically to the violence conduct of the defendant." § 30.80.2. (2011). If a defendant is "not performing satisfactorily in the assigned program(s) or. . .is *not* benefiting from [the]

education, counseling and/or treatment programs" the court may then remove the defendant from the deferred plea program and reinstate criminal proceedings.

For eligible defendants, the Act does not permit a deferred plea to be conditioned upon the acceptance of any terms beyond those previously required for diversion under the statute, i.e., entry into education, counseling and/or treatment programs. The People argue that they have discretion over the terms of a deferred plea such that fines, community service hours, mandatory jail time, and maximum sentences may be added into the plea agreement. The Act, however, explicitly details how a defendant may be charged in order to fund court-mandated counseling and education programs. § 30.80.5. (2011). Similarly, the Act states that when a defendant is removed from a deferred plea program, "the court *shall* hold a hearing to determine whether the defendant shall be sentenced accordingly." § 30.80.3. (2011) (emphasis in the original). The Act clearly specifies that the court will conduct sentencing after removal from a deferred plea agreement, not as pre-determined by the People.

## II. *Legislative Intent – The Purpose of a Family Violence Deferred Plea*

The Guam Legislature amended the Family Violence Act to increase defendant compliance with court-ordered treatment programs. As with the previous diversion program, the legislative basis for the deferred plea was the belief that "if first-time offenders receive counseling, education, and in some cases, clinical treatment: they are less likely to reoffend." B. No. 214-31, Liheslaturan Guåhan, 1st Sess. (2011). The amendment was also intended to increase convictions rates for defendants who have a deferred plea agreement revoked, should they violate the terms of the program. Revocation, however, occurs only after the defendant has entered the deferred plea and has not been able to successfully comply with and complete counseling and treatment.

The Legislature intended that the purpose of the deferred plea program be defendant

rehabilitation. The amendment was based on the fact that "Many states have found a much higher completion rate of domestic abuser rehabilitation programs where the abusers are allowed to enter a deferred plea agreement." *Id.* In amending the Act to replace diversion with a deferred plea, the Legislature made few changes, primarily removing the word 'diversion' and replacing it with the phrase 'deferred plea.' The amendment increased restrictions on eligibility for a deferred plea, but made no changes to the substance or purpose of the underlying treatment program. No additional terms, fines, or punishments were authorized. Whether a defendant enters the previous diversion program or the new deferred plea agreement, the defendant is placed on probation while they attend court-mandated counseling and treatment.

### III. *Deferred Pleas in Other Jurisdictions*

Other jurisdictions with similar deferred plea statutes have strictly construed the terms and conditions that may be attached to an underlying treatment-based program. While the Family Violence Act's deferred plea is new to Guam, it is comparable to statutes in California and Washington State that authorize deferred pleas for first-time defendants charged with domestic violence, drug offenses, and DUI/DWI. In all cases, the distinction of the statute-specific deferred plea, as opposed to a general, negotiated plea, is that eligible defendants must agree to enter a counseling and treatment program designed to address their violent behavior and/or addiction.

Statute-specific deferred pleas are limited by the language of the statute that created the underlying treatment program. In examining a deferred entry of judgment for first-time drug offenders, the California courts have held that "In the absence of a compelling necessity, a court may not impose conditions beyond those specified in the statute." *Terry v. Superior Court*, 86 Cal.Rptr.2d 653, 656 (Cal. Ct. App. 1999). In *Terry*, the trial court imposed a search condition

upon the defendant, in addition to the standard order for treatment and drug testing. On appeal, the trial court overturned the additional search condition stating that the statute "did not include any provision authorizing a trial court to impose additional conditions," specifically search terms, "upon a defendant eligible for diversion." *Id.* (citing *In re York*, 892 P.2d 804, 811 (Cal. 1995)).

Washington State courts have reached a similar conclusion and proscribe adding conditions to statutory, treatment-based deferred plea programs. In *State v. Wright*, the defendant was charged with the offense of driving a motor vehicle while under the influence and was ordered to attend alcohol treatment and serve a 10–day jail term. 774 P.2d 1265, 1266 (1989). Appealing only the jail time, the Washington Court of Appeals overturned the trial court and held that a deferred prosecution could not be conditioned upon the defendant's acceptance of jail time because "the Legislature has expressly provided in [the statute] that deferred prosecution is an *alternative* to punishment for persons who will benefit from a treatment program." *Id.* Instead, the appellate court determined that "the statute expressly sets forth the requirements for the deferred prosecution alcoholism program, which are treatment-oriented." Because the court could "find nothing to suggest that the Legislature intended that jail time be imposed in deferred prosecution cases," the defendant's plea agreement could only be predicated upon treatment. *Id.*

CONCLUSION

Based on the foregoing, the court finds that the Defendant is eligible for a deferred plea agreement under the Family Violence Act. The Family Violence Act does not permit the deferred pleas of eligible defendants to be conditioned upon anything other than entry into a court-mandated education, counseling and/or treatment program. Accordingly, the court GRANTS Defendant's Motion for Deferred Plea.

SO ORDERED, this ____ day of September 2012.

Original Signed By:
HON. MICHAEL J. BORDALLO

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a true, true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

SEP 1 2012

James R. Borja
Deputy Clerk, Superior Court of Guam